# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| JOHN DOE, | ) |
|     *Plaintiff*, | ) Civil Action No: |
| v. | ) Judge |
| William Lee, Governor of the State of Tennessee, in his official capacity; | ) Magistrate Judge |
| And, | ) |
| David Rausch, Director of the Tennessee Bureau of Investigation, in his official capacity; | ) |
|     *Defendants*. | ) |

## COMPLAINT

1. Plaintiff John Doe[1] brings this 42 U.S.C. § 1983 action alleging that Defendants have violated, and continue to violate, Plaintiff's Constitutional right against *ex post facto* punishment through retroactive imposition on him of Tennessee's sex offender restrictions and monitoring requirements. Plaintiff seeks declaratory and injunctive relief against the Defendants.

## PARTIES

2. Plaintiff John Doe is an adult resident of Shelby County, Tennessee.

3. Defendant William Lee is the Governor of the State of Tennessee.

---

[1] Plaintiff will be filing a motion to proceed under pseudonym and for protective order shortly after filing this complaint.

1

4. Defendant David Rausch is the Director of the Tennessee Bureau of Investigation, a state agency with a primary enforcement role in Tennessee's sex offender registration scheme.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over the federal claims in this matter pursuant to 28 U.S.C. § 1331. Venue lies in this district pursuant to 28 U.S.C. § 1391(b)(1) because Defendants are state officials whose offices are located in this district.

## FACTUAL BACKGROUND

### A. Plaintiff's Background

6. Plaintiff is a sixty-nine-year-old man.

7. Plaintiff is required under Tennessee law to be registered on Tennessee's Sex Offender Registry (T.C.A. § 40-39-201 et seq.) due solely to three criminal convictions that he was convicted of in early 1997.

8. Solely due to Plaintiff's 1997 convictions, Tennessee law deems him "Violent" and subjects him to lifetime registration on the sex offender registry and a host of restrictions, obligations, and punishments.

9. The bulk of Tennessee's laws deeming Plaintiff "Violent" and subjecting him to lifelong restrictions, obligations, and punishments on the sex offender registry were not passed until several years after Plaintiff was convicted of his most recent qualifying offense.

### B. Tennessee's Sex Offender Registration and Monitoring Regime

10. In 1994, Tennessee passed its first ever sex offender registry law. However, this law required only that offenders register in a private law enforcement database.

11. Tennessee continued expanding the registry laws through the nineties, increasing reporting requirements and, eventually, making sex offender registrations public for those who had committed their offenses after July 1, 1997.[2]

12. Tennessee continued periodically passing laws expanding its sex offender registration and monitoring regime, until in 2004 Tennessee passed sweeping new restrictions on convicted sex offenders hereinafter referred to as "SORA."

13. SORA imposed stringent registration and reporting requirements on statutorily defined "sexual offenders," "violent sexual offenders," and "offenders against children," and severely limited where sex offenders could live, work, and go.

14. SORA applied retroactively to past offenders, imposing its labels, restrictions, obligations, and punishments even where an offender's only qualifying offenses had occurred prior to SORA's enactment.

15. In the years since 2004, Tennessee has periodically enacted amendments to SORA, almost all of which have made it even more draconian, intrusive, and punitive.

16. Under present law,[3] Tennessee's SORA regime requires the following affirmative obligations from Plaintiff, on pain of criminal prosecution:

    a. Quarterly registration with local law enforcement;

    b. Payment of annual registration and monitoring fees;

    c. Re-registration within forty-eight hours if Plaintiff relocates to a new municipality or county, even on a temporary basis for work or school;

    d. When in public, <u>always</u> carry his state-issued identification with him, which must have a sex offender designation on it.

---

[2] Plaintiff's convictions predated July 1, 1997.
[3] T.C.A. § 40-39-201 *et seq*.

3

Case 3:23-cv-00564    Document 1    Filed 06/01/23    Page 3 of 9 PageID #: 3

17. Tennessee's SORA regime includes a "Tennessee Sex Offender Registry" website maintained by the Tennessee Bureau of Investigation ("TBI"), which makes the following information about Plaintiff public:

    a. Name

    b. Classification of "VIOLENT"

    c. Status of "ACTIVE"

    d. Date of birth

    e. Full criminal history

    f. Residential address

    g. Race and gender

    h. Last date of information verification

    i. Most recent photograph submitted to TBI

    j. Driver's license and/or state identification number

    k. Physical description including height, weight, eye color, hair color, tattoos, scars, and marks

    l. Criminal history, including the date of all arrests and convictions, probation and/or parole status, and the existence of any outstanding warrants

    m. Address of Plaintiff's employer(s)

    n. License plate number and description of Plaintiff's vehicle(s)

18. SORA prohibits Plaintiff from the following, on pain of felony criminal prosecution:

    a. Working or residing within 1000' of a school, day care center, other child care facility, public park, playground, recreation center, or public athletic field;

b. Residing within 1000' feet of the victims from Plaintiff's 1999 case, or any of the victims' family members; coming within 100' of the victims; or, contacting the victims without their consent.

c. Any of the following, unless picking up or dropping off his own child at school after giving written notice of his sex offender status to the school's principal, or attending a conference with officials at a school, day care, child care, recreation center, or playground with written permission from the administrator:

   i. Entering the premises of any school, day care center, other childcare facility, public park, playground, recreation center, or public athletic field when there is reason to believe that children may be present;

   ii. "Stand[ing], sit[ting] idly, or remain[ing]" within 1000' feet of any school, day care center, other child care facility, public park, playground, recreation center, or public athletic field "while not having a reason or relationship involving custody of or responsibility for a child or any other specific or legitimate reason for being there;"

   iii. Being within any vehicle owned, leased, or contracted by a school, day care, childcare, or recreation center when children under 18 years of age are present;

d. Residing with two or more other convicted sex offenders;

e. Being alone with a minor in a "private area."

f. Residing with, or having an overnight visit in, a place in which a minor is present.

19. SORA authorizes the following additional optional punishments against Plaintiff:

   a. Public libraries may ban Plaintiff from their premises;

    b. Municipalities may implement a "community notification system" to alert members of the public should Plaintiff indicate his intention to move there;

    c. A municipality where Plaintiff resides may charge Plaintiff up to $50 per year toward the cost of its community notification system.

### C. Specific Impacts of SORA on Plaintiff

20. SORA's impositions, detailed at ¶¶ 16 – 19, have substantially interfered with Plaintiff's career, family, reputation, and overall enjoyment of life and will continue to substantially interfere so long as Plaintiff is subject to them.

21. Under current law, Plaintiff will continue to be subjected to these SORA impositions for the rest of his life.

22. SORA requires Plaintiff to report quarterly, and each time he reports he must sign his acknowledgment of the SORA rules. The rules are complex, and each time he reports it seems like there are new rules in place. Consequently, Plaintiff routinely feels anxiety that he could be arrested because of a rule change that he is not even aware of.

23. Plaintiff has two adult sons, one of which resides in Cleveland, Tennessee and the other in the United Kingdom. Plaintiff has four grandchildren, three granddaughters in Cleveland and a grandson in the UK. Two of Plaintiff's granddaughters and his grandson are still minors.

24. Plaintiff periodically visits his son and granddaughters in Cleveland. His granddaughters are very actively engaged in the performing arts, but because of the registry laws he is unable to attend their school events, recitals or plays. Plaintiff also cannot take his granddaughters to a park. Plaintiff must be chaperoned when he is with his

6

granddaughters, limiting his ability to help out his son and be a *bona fide* grandfather to his granddaughters. These restrictions weaken his relationship with his grandchildren.

25. SORA also makes it more difficult for Plaintiff to travel internationally, and to date he has yet to meet his 5-year-old grandson.

26. Being on the registry has subjected Plaintiff to public shaming. For instance, neighbors have previously tried to get Plaintiff evicted from his apartment because they said he was outside "too often."

27. Plaintiff has cardiac issues, and is on medical orders to walk regularly for exercise. Plaintiff would like to be able to take his walks in parks, for both aesthetic and safety reasons. However, due to the registry Plaintiff cannot do this. Instead, Plaintiff has to take his walks on the traffic-heavy public streets in his area.

28. SORA makes it extremely difficult for Plaintiff to change housing. Plaintiff presently resides at an apartment complex where he has lived for several years, which he was able to get because he has a longstanding relationship with the landlord. However, Plaintiff's landlord is 85 years old and will not live forever. If Plaintiff wanted to or had to move, his registry status would make it extremely difficult to obtain new housing. Many apartment complexes would reject Plaintiff because of his registry status, and many housing options would be prohibited because they are too close to schools, child care centers, and other prohibited areas.

29. Plaintiff is an IT professional, and has worked for the same company since the year 2000, when he got out of prison for his offenses. It is a small company, and Plaintiff appreciates them deeply for giving him a chance despite his history. That being said, the registry has greatly weakened Plaintiff's bargaining ability to negotiate raises or consider

other employment options. If Plaintiff had not been on the registry all these years, he could be making double his present salary. If Plaintiff were released from the registry, he would hope to strengthen his employment position for the last period of his career.

30. SORA prohibits Plaintiff from attending athletic and other public events. For instance, Plaintiff would like to be able to attend Grizzlies basketball games, but he cannot.

31. SORA makes it difficult for Plaintiff to make friends, date, and form new relationships. Plaintiff's registry status adds shame and discomfort to any new social connection, and SORA's interference with his ability to participate in public activities makes him a more limited social partner. In addition, Plaintiff is afraid to travel with anyone anywhere for longer than forty-eight hours for fear that he would be violated for not registering there.

## CLAIMS FOR RELIEF

### COUNT I: EX POST FACTO VIOLATION IN VIOLATION OF ARTICLE I, § 10 OF THE U.S. CONSTITUTION (42 U.S.C § 1983)

**(ALL DEFENDANTS)**

32. Plaintiff hereby reincorporates paragraphs 1 – 31 by reference.

33. As applied to Plaintiff, Tennessee's SORA regime constitutes "punishment" within the meaning of the *ex post facto* clause of Article I, § 10 of the U.S. Constitution.

34. Defendants Lee and Rausch are proper official capacity defendants because they both have roles in enforcing Tennessee's SORA regime.

35. Plaintiff is entitled to declaratory and injunctive relief prohibiting Defendants from continuing to enforce Tennessee's SORA regime on him in violation of his constitutional right against *ex post facto* punishment.

## REQUEST FOR RELIEF

**WHEREFORE**, these premises considered, Plaintiff prays:

1. That the Defendants Answer this Complaint within the time provided by law.

2. That the Court grant a preliminary injunction enjoining Defendants from enforcing Tennessee's SORA regime against Plaintiff solely on the basis of his pre-SORA convictions.

3. That judgment for Plaintiff enter against the Defendants on each count.

4. That the judgment declare that it is unconstitutional for Tennessee to retroactively impose its SORA regime on Plaintiff solely on the basis of his pre-SORA convictions.

5. That the judgment permanently enjoin Defendants from enforcing Tennessee's SORA restrictions against Plaintiff solely on the basis of his pre-SORA convictions.

6. That Plaintiff be awarded his attorney's fees and reasonable litigation expenses, including expert witness fees, pursuant to 42 U.S.C. § 1988 and F.R. Civ. Pro. 54(d).

7. That the court costs in this matter be taxed to Defendants.

8. That Plaintiff be awarded all other relief to which it may appear he is entitled in the interests of justice.

Respectfully submitted,

*s/ Kyle Mothershead*
Kyle Mothershead, BPR 22953
Relentless Advocacy, PLLC
2901 Dobbs Ave
Nashville, TN 37211
T: (615) 429-4717 / F: (615) 229-6387
E: Kyle@relentlesslaw.com